[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Joy Mycoo, has brought suit against the defendants, James P. O'Leary and Paul H. O'Leary, as executors of the estate of James J. O'Leary, deceased, who died on February 28, 2000, a resident of Westport. In her revised complaint dated April 4, 2001, the plaintiff alleges that she was a private home health aide for the decedent during 1999, and until his death in early 2000, and was very friendly with and close to the decedent who, on February 23, 2000, five days before his death, promised in writing to pay her $100,000 on his death. The CT Page 13891 plaintiff further alleges that the decedent showed this writing to both the plaintiff and to his daughter, Martha O'Leary, and discussed his intention to make such a gift to the plaintiff with both his daughter and the plaintiff, and then gave the document to his daughter. The plaintiff claims that on the day after the decedent's death, the daughter of the decedent gave this written document to the plaintiff, but that the executors have refused to pay her the $100,000 to which she claims she is entitled. T h e defendant executors have filed a motion (#114) to strike the complaint on the ground that it fails to state a claim upon which relief may be granted. This motion is authorized by Practice Book §10-39 if a party wishes to contest "The legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." In ruling on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). Moreover, that which is necessarily implied in a pleading does not have to be expressly alleged. Pamela B.v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
The basis for the motion to strike is the defendants' contention that it is not legally possible to convey a present interest which will only arise at death; nor make either a gift causa mortis or an inter vivos gift without actually delivering the money; and, finally, that any purported gift was void for lack of consideration. Construing the facts in favor of the plaintiff means that the decedent agreed in writing to pay the plaintiff $100,000 on his death because they had a warm and friendly relationship and she had been of great assistance to the decedent in his dying days.
For the purposes of this pending motion to strike, the issue is whether the plaintiff has set forth a cognizable cause of action by alleging that she is entitled to the $100,000 that the decedent promised, in writing five days before his death, to pay her on his death, even though he did not give her the writing in question while he was still alive. To put it slightly differently, is it legally possible for a decedent to make a written promise to pay a sum of money on his death, but without delivering the written promise to the donee while he was still alive?
The elements of a gift causa mortis[1] are well recognized. The gift must be made by the donor in contemplation of the approach of his death; two, the gift is only to take effect when and if the donor dies; and, third, there must be a delivery of the subject of donation. Lawrence v.Hartford, 24 Conn. Sup. 419, 427, 193 A.2d 506 (1963).
The complaint sufficiently alleges or implies that the gift was given by the decedent in contemplation of his impending death, and clearly the CT Page 13892 gift was to take place only upon his death. The third element, delivery, is alleged in that the decedent gave the writing to his daughter who, the day after his death, gave it to the plaintiff. Constructive delivery is clearly permitted in the case of an inter vivos gift. "To support a factual conclusion of an executed inter-vivos gift, there would have to be a donative intention and at least a constructive delivery. . . . It is true that the donative intention need not be expressed, nor the delivery made, in any particular form or mode. . . . For a constructive delivery, the donor must do that which, under the circumstances, will in reason be equivalent to an actual delivery. It must be as nearly perfect and complete as the nature of the property and the circumstances will permit." (Citations omitted.) Hebrew University Association v. Nye,148 Conn. 223, 232-233, 169 A.2d 641 (1961). There is no reason to conclude that constructive delivery is not applicable to the doctrine of gifts causa mortis. Hence, the allegation that the document in question was first given by the decedent to his daughter who "then handed it over to the plaintiff sufficiently alleges constructive delivery.
Based on the foregoing, the defendants' motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 5th day of October, 2001
William B. Lewis, Judge T.R.